**FILED**

JUN − 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Burton Dupuy
Yvonne Dupuy                          Case No.
147 Von Orange Lane
Natchitoches, LA 71457

         Plaintiff(s),          Jury Trial Demanded

    v.                                    Case: 1:07-cv-01006
                                      Assigned To : Kollar-Kotelly, Colleen
United States Government               Assign. Date : 6/4/2007
                                      Description: Pro Se Gen. Civil
         Defendant.

*JURY ACTION*

**VERIFIED COMPLAINT, PETITION, AND CLAIM**
**FOR DAMAGES PURSUANT TO 26 U.S.C. § 7433,**

**I**
**INTRODUCTION**

COME(S) NOW Burton Dupuy Yvonne Dupuy, and for cause(s) of action, aver(s):

**I.    PARTIES**

    A.    Plaintiff(s), is/are (a) Citizen(s) of Louisiana.

    B.    Defendant is the UNITED STATES OF AMERICA.

**II. JURISDICTION**

    A.    This Court has jurisdiction pursuant to:

        1.    Section 7433 of the Internal Revenue Code of 1986, 102 Stat. 3747,

    as amended;

**III.    VENUE**

A.    Venue is proper in the District of Columbia, (26 USC §7433), as the

permanent seat of government of the United States pursuant to Title 4, United

States Code, § 71, 61 Stat. 643, wherein the offices of government are required to

be exercised, pursuant to Title 4, United States Code, § 72, 61 Stat. 643.

B.    "The Office of the Secretary" is so exercised at 1500 Pennsylvania. Ave.

N.W., Washington D.C.

**IV EXHAUSTION REQUIREMENT**

Plaintiff has exhausted all available administrative remedies by sending a Verified

Administrative Claim to the Internal Revenue Service, Area 8, Area Director Nashville,

801 Broadway, MDP1 Nashville, TN 37203, attention: Compliance Technical Support

Manager, received by the IRS on August 19 2006, Cert. Mail # 70041350000336315551.

Plaintiffs' administrative claim was denied by letter dated October 26, 2006. The

aforementioned claim meets all requirements of the regulation[1].  The IRS asserts that the

levy was issued in accordance with statutory and procedural requirements.   Plaintiffs

disagree as set forth below.  The aforementioned letter advises plaintiffs to file a civil action

for damages pursuant to §7433 in a a federal district court. The aforementioned claim

---

[1]  26USC7433(d)(b) requires that the court must determine that all administrative remedies available have been exhausted. There is no statutory requirement for the plaintiffs to exhaust all administrative remedies available before imitating this action. Pursuant to the aforementioned Verified Administrative Claim plaintiffs have exhausted all available administrative remedies and are officially barred from any further administrative appeal, review, relief and/or remedy.

meets all requirements of the regulation[2].

## V.  ALLEGATIONS[3]

On or about 1996 the IRS began tax collection action against plaintiff(s).  Such tax collection action has been continuous to the filing of this action.  Plaintiff(s) believe that notwithstanding the filing of this suit the IRS will continue such collection action and may retaliate against plaintiff(s) for filing this suit by issuing levies, liens and other action.

Plaintiff has filed this action within two years of the discovery of sufficient facts to support a 7433 claim.

COUNT 1

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy (attachment 1)  In connection with the issuance of the aforementioned Attached miscellaneous collection the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code

---

[2] 26USC7433(d)(b) requires that the court must determine that all administrative remedies available have been exhausted. There is no statutory requirement for the plaintiffs to exhaust all administrative remedies available before imitating th_ action. Pursuant to the aforementioned Verified Administrative Claim plaintiffs have exhausted all available administrative remedies and are officially barred from any further administrative appeal, review, relief and/or remedy.

[3] This listing is not inclusive.  There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

for the years identified on the face of the attached Notices of Levy ;

COUNT 2

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned Attached Notices of Levy the IRS disregarded Federal Tax Regulation 26 CFR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached Notices of Levy;

COUNT 3

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy . In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached Notices of Levy

COUNT 4

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Levy;

COUNT 5

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Levy;

COUNT 6

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Levy;

COUNT 7

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6020, subsection (b)(2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Levy;

COUNT 8

All previous counts set forth above, are realleged and incorporated as if fully set forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Levy the IRS disregarded Internal Revenue Code section 6103, subsection ©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for Return(s), and return information to Petitioner or Petitioner's representative upon request for the years identified on the face of the attached Notices of Levy;

COUNT 9

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.    aliens, see 42 U.S.C. § 405(c)(2)(B)(I)(I); and,

2.    applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(I)(II)

effectively   creating,   in   Petitioner(s),   a   false   status   of   "alien"   and/or

"applicant/recipient".

COUNT 10

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached Notices of Levy;

COUNT 11

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by

failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Notices of Levy;

COUNT 12

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Levy;

COUNT 13

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy letters the IRS disregarded Federal Tax Regulation 301.6203-1,

promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

     (1)    identification of the taxpayer;

     (2)    character of liability assessed;

     (3)    taxable period, if applicable; and,

     (4)    amount of assessment,

for the years identified on the face of the attached Notices of Levy;

COUNT 14

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face

of the attached Notices of Levy;

COUNT 15

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Notices of Levy;

COUNT 16

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached Notices of Levy;

COUNT 17

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 18

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the

application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Notices of Levy;

COUNT 19

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached Notices of Levy;

COUNT 20

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached Notices of Levy;

COUNT 21

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Notices of Levy;

COUNT 22

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 23

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 24

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attacked Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Notices of Levy;

COUNT 25

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Notices of Levy;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached Notices of Levy;

COUNT 26

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached Notices of Levy; COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached Notices of Levy;

COUNT 27

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Notices of Levy;

COUNT 28

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Notices of Levy;

COUNT 29

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached  Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or levy and/or other agency action for the years identified on the face of the attached Notices of Levy;

COUNT 30

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Notices of Levy;

COUNT 31

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Levy the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal

Tax Lien Registration Act, as enacted in Louisiana for the years identified on the face of the attached Notices of Levy;

COUNT 32

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Lien (attachment 2) In connection with the issuance of the aforementioned attached miscellaneous collection the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached Notices of Federal Tax Liens;

COUNT 33

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS  disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to

income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 34

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 35

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 36

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application

thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 37

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the Attached Notices of Federal Tax Lien;

COUNT 38

All previous counts set forth above, are realleged and incorporated as if fully set

Federal Tax Lien;

COUNT 40

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Lien the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.      aliens, *see* 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.      applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 41

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 42

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Levy. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 43

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 44

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of

Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

    (1)    identification of the taxpayer;

    (2)    character of liability assessed;

    (3)    taxable period, if applicable; and,

    (4)    amount of assessment,

for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 45

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 46

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 47

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three

years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 48

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 49

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 50

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 51

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 52

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 53

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 54

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached

Notices of Federal Tax Lien;

COUNT 55

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned Attached Notices of Lien the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 56

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, by failing to provide Petitioner(s) with notice of

a right to an impartial hearing before issuing a notice of lien and/or Lien and/or other

agency action for the years identified on the face of the attached Notices of Federal Tax

Lien;

COUNT 57

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the

aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal

Revenue Code section 6320, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to hold a meaningful

hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and

(e) of section 6330 for the years identified on the face of the attached Notices of Federal

Tax Lien;

COUNT 59

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the Attached Notices of Levy. In connection with the issuance of the aforementioned

attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section

6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 58

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 59

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 60

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lien and/or other agency action for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 61

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 62

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached Notices of Federal Tax Lien. In connection with the issuance of the aforementioned attached Notices of Federal Tax Lien the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in Louisiana for the years identified on the face of the attached Notices of Federal Tax Lien;

COUNT 63

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent (attachment 3) In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 64

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS  disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached letters titled Urgent ;

COUNT 65

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent . In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy , as authorized *if* a "…person shall fail to make a return required…" for the years identified on the face of the attached letters titled Urgent;

COUNT 66

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached letters titled Urgent;

COUNT 67

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy,

Yvonne Dupuy  for the years identified on the face of the attached letters titled Urgent;

COUNT 68

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy  for the years identified on the face of the attached letters titled Urgent;

1    COUNT 69    All previous counts set forth above, are realleged and incorporated as if fully
2    set forth herein.

3         The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
4    of the Attached Notices of Levy. In connection with the issuance of the aforementioned
5    Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6020,
6    subsection (b)(2), with intent to defeat the application thereof: defendant, through

1    principals, officers, agents, and/or employees of Internal Revenue Service, purported to

2    be a component of the Department of Treasury, failed to execute any Substitute(s) for

3    Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face

4    of the attached letters titled Urgent;

5    COUNT 70

6         All previous counts set forth above, are realleged and incorporated as if fully set

7    forth herein;

    The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6103,

subsection ©, with intent to defeat the application thereof: defendant, through principals,

officers, agents, and/or employees of Internal Revenue Service, purported to be a

component of the Department of Treasury, failed to disclose returns, e.g., Substitute(s) for

Return(s), and return information to Petitioner or Petitioner's representative upon request

for the years identified on the face of the attached letters titled Urgent;

COUNT 71

    All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

    The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6109, subsection (d) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.     aliens, see 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.     applicants for/recipients of federal benefits, see 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 72

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached

letters titled Urgent;

COUNT 73

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached letters titled Urgent;

COUNT 74

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury, failed to record assessment(s) in the office of the Secretary in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached letters titled Urgent;

COUNT 75

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

(1)     identification of the taxpayer;

(2)     character of liability assessed;

(3)     taxable period, if applicable; and,

(4)     amount of assessment,

for the years identified on the face of the Attached Notices of Levy;

COUNT 76

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 77

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish

Petitioner copies of signed records of assessment with supporting lists upon request for the years identified on the face of the attached letters titled Urgent;

COUNT 78

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached letters titled Urgent;

COUNT 79

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the

Department of Treasury by failing to send Petitioner(s) a notice of deficiency (90 day letter) for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 80

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6404(g), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to suspend interest and penalties for reason that respondent has not specifically stated the amount of, and the basis for the liability respondent says Petitioner(s) owe(s) for the years identified on the face of the attached letters titled Urgent;

COUNT 81

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached letters titled Urgent;

COUNT 82

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached letters titled Urgent;

COUNT 83

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491©, with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by refusing to produce any evidence with respect to the imposition of each penalty and

additions for the years identified on the face of the attached letters titled Urgent;

COUNT 84

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned

attached letters titled Urgent the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat

the application thereof: defendant, through principals, officers, agents, and/or employees

of Internal Revenue Service, purported to be a component of the Department of Treasury,

by conducting a presumed financial status audit for each of the aforementioned years for

the years identified on the face of the attached letters titled Urgent;

COUNT 85

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 86

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30) day notice for each of the aforementioned years for the years identified on the face of the attached letters titled Urgent;

COUNT 87

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the attached

letters titled Urgent;

COUNT 88

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned Attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Urgent;

Count 89.

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded  Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached

letters titled Urgent;

COUNT 90

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached letters titled Urgent;

COUNT 91

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a

notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 92

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Urgent;

COUNT 93

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached letters titled Urgent the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance

with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Urgent;

COUNT 94

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Urgent. In connection with the issuance of the aforementioned attached Letters titled Urgent the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the attached Notices of Levy;

COUNT 95

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder (attachment 4)In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6001, 68A Stat. 731, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served or by regulation, of the imposition of a requirement to keep records, make statements, or file returns with respect to any tax imposed in the Internal Revenue Code for the years identified on the face of the attached letters titled Reminder;

COUNT 96

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS  disregarded Federal Tax Regulation 26 CAR 1.6001-1, subsection (d), promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6001 with respect to income tax imposed in Subtitle A of the Internal Revenue Code; with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to notify Petitioner, by notice served, of the imposition of a requirement to keep specific records, make statements, or file returns with respect to tax imposed in Subtitle A of the Internal Revenue Code for the years identified on the face of the attached letters titled Reminder;

COUNT 97

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6020 , subsection (a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy , as authorized *if* a "...person shall fail to make a return required..." for the years identified on the face of the attached letters titled Reminder;

COUNT 98

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Federal Tax Regulations in 27 CAR Part 53, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or

employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached letters titled Reminder;

COUNT 99

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Federal Tax Regulations in 27 CAR Part 70, promulgated pursuant to Internal Revenue Code section 7805, for which Internal Revenue Code section 6020 provides authority, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached letters titled Reminder;

COUNT 100

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Federal Tax Regulations in Federal Tax Regulation 26 CAR 301.6020-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6020 with respect to income tax, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to prepare and subscribe any Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached letters titled Reminder;

1    COUNT 102  All previous counts set forth above, are realleged and incorporated as if fully
2    set forth herein.

3          The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
4    of the attached letters titled Reminder. In connection with the issuance of the
5    aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue
6    Code section 6020, subsection (b)(2), with intent to defeat the application thereof:
7    defendant, through principals, officers, agents, and/or employees of Internal Revenue
8    Service, purported to be a component of the Department of Treasury, failed to execute any
9    Substitute(s) for Return(s) in the name of Burton Dupuy, Yvonne Dupuy for the years
10   identified on the face of the attached letters titled Reminder;

1    COUNT 103

2        All previous counts set forth above, are realleged and incorporated as if fully set

3    forth herein;

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Reminder. In connection with the issuance of the

aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue

Code section 6103, subsection ©, with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, failed to disclose returns, e.g.,

Substitute(s) for Return(s), and return information to Petitioner or Petitioner's

representative upon request for the years identified on the face of the attached letters titled

Reminder;

COUNT 104

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face

of the attached letters titled Reminder. In connection with the issuance of the

aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue

Code section 6109, subsection (d) with intent to defeat the application thereof: defendant,

through principals, officers, agents, and/or employees of Internal Revenue Service,

purported to be a component of the Department of Treasury, forced Petitioner(s) into the use of a "social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act" assignable by the Commissioner of Social Security only to:

1.      aliens, *see* 42 U.S.C. § 405(c)(2)(B)(i)(I); and,

2.      applicants for/recipients of federal benefits, *see* 42 U.S.C. § 405(c)(2)(B)(i)(II) effectively creating, in Petitioner(s), a false status of "alien" and/or "applicant/recipient".

COUNT 105

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6201,subsection (a), paragraphs (1) and (2), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to assess taxes alleged to be owed by Petitioner(s) for the years identified on the face of the attached letters titled Reminder;

COUNT 106

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.A. § 6202,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to make an assessment of the taxes and penalties for any of the aforementioned years Petitioner(s) allegedly owe(s), within the time and mode set forth by the secretary for the years identified on the face of the attached letters titled Reminder;

COUNT 107

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to record assessment(s) in the office

of the Secretary in the name of Burton Dupuy, Yvonne Dupuy for the years identified on the face of the attached letters titled Reminder;

COUNT 108

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder letters the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to execute, i.e., sign record(s) of assessment, which include(s),

(1)    identification of the taxpayer;

(2)    character of liability assessed;

(3)    taxable period, if applicable; and,

(4)    amount of assessment,

for the years identified on the face of the Attached Notices of Levy;

COUNT 109

All previous counts set forth above, are realleged and incorporated as if fully set

forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6203,with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of assessments with supporting lists "filed in the Office of the Secretary" upon request for the years identified on the face of the attached letters titled Reminder;

COUNT 110

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Federal Tax Regulation 301.6203-1, promulgated pursuant to Internal Revenue Code section 7805, to implement the provisions of Internal Revenue Code section 6203, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to furnish Petitioner copies of signed records of assessment with supporting lists

upon request for the years identified on the face of the attached letters titled Reminder;

COUNT 111

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by neglecting to assess taxes owed within three years for the years identified on the face of the attached letters titled Reminder;

COUNT 112

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section §6212 with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury by failing to send Petitioner(s) a notice of

deficiency (90 day letter) for each of the aforementioned years for the years identified on
the face of the attached letters titled Reminder;

COUNT 113

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached letters titled Reminder. In connection with the issuance of the
aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6404(g),
with intent to defeat the application thereof: defendant, through principals, officers, agents,
and/or employees of Internal Revenue Service, purported to be a component of the
Department of Treasury, by failing to suspend interest and penalties for reason that
respondent has not specifically stated the amount of, and the basis for the liability
respondent says Petitioner(s) owe(s) for the years identified on the face of the attached
letters titled Reminder;

COUNT 114

All previous counts set forth above, are realleged and incorporated as if fully set
forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face
of the attached letters titled Reminder. In connection with the issuance of the
aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6751(a),

with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to include in each notice imposing a penalty (1) the name of the penalty, (2) the Code section authorizing the penalty, and (3) an actual computation of the penalty for the years identified on the face of the attached letters titled Reminder;

COUNT 115

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6751(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to verify that a supervisor had personally approved, in writing, each initial penalty determination for the years identified on the face of the attached letters titled Reminder;

COUNT 116

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §7491©, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to produce any evidence with respect to the imposition of each penalty and additions for the years identified on the face of the attached letters titled Reminder;

COUNT 117

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §7602(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by conducting a presumed financial status audit for each of the aforementioned years for the years identified on the face of the attached letters titled Reminder;

COUNT 118

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §7491(b), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by refusing to prove items of income which were reconstructed solely through the use of statistical information on unrelated taxpayers for each of the aforementioned years for the years identified on the face of the attached letters titled Reminder;

COUNT 119

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6331(d)(1)(2) with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to send the Petitioner(s) a thirty (30)

day notice for each of the aforementioned years for the years identified on the face of the attached letters titled Reminder;

COUNT 120

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6330(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with notice of a right to an impartial hearing before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Reminder; COUNT 26

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6304, subsection (b), paragraph (1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal

Revenue Service, purported to be a component of the Department of Treasury, engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," for the years identified on the face of the Attached Notices of Levy;

COUNT 121

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned Attached Letters titled Reminder the IRS disregarded Internal Revenue Code section 6320, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, failed to hold a meaningful hearing in conjunction with subsections ©, (d) (other than paragraph (2)(B) thereof), and (e) of section 6330 for the years identified on the face of the attached letters titled Reminder;

COUNT 122

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded  Internal Revenue Code section 6321, with intent to defeat the application thereof: defendant, through

principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted a lien for failure or neglect to pay without giving proper notice and without making demand for the years identified on the face of the attached letters titled Reminder;

COUNT 122

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded section 6751(b)(1) of the Internal Revenue Code of 1986, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees violated IRC section 6751(b) by failing to verify that a supervisor had personally approved, in writing, the initial penalty determination for the years identified on the face of the attached letters titled Reminder;

COUNT 123

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the

aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §7123(b)(1), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Reminder;

COUNT 124

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded 26 U.S.C. §6501(a), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to provide Petitioner(s) with non-binding mediation before issuing a notice of lien and/or Lenient/or other agency action for the years identified on the face of the attached letters titled Reminder;

COUNT 125

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the

aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6322, with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, asserted liens for which no assessment was made in accordance with Internal Revenue Code section 6203 and Federal Tax Regulation 301.6203-1 for the years identified on the face of the attached letters titled Reminder;

COUNT 126

All previous counts set forth above, are realleged and incorporated as if fully set forth herein.

The IRS alleges that Petitioner(s) owe(s) taxes for the years identified on the face of the attached letters titled Reminder. In connection with the issuance of the aforementioned attached letters titled Reminder the IRS disregarded Internal Revenue Code section 6323, subsection (f), paragraph (1), subparagraph (A), with intent to defeat the application thereof: defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury, by failing to certify notice(s) of lien(s) entitling same to be recorded pursuant to the Uniform Federal Tax Lien Registration Act, as enacted in New Mexico for the years identified on the face of the attached letters titled Reminder;

IV

**REMEDY SOUGHT**

1.    Plaintiff(s) seek(s) damages in accordance with section 7433, in an amount

equal to the fine imposed in Internal Revenue Code section 7214(a) for each

disregard with intent to defeat the provisions thereof, i.e., 10,000.00 per

disregard or in the alternative one and one half times the statutory allowance

as determined by the court; and,

2.    such other and further damages as the court deems just and proper.


Dated: _____June 1_____, 2007


Burton Dupuy                                    Yvonne Dupuy


Acknowledgment


of Louisiana, personally appeared, Burton Dupuy, Yvonne Dupuy known to me to be the

me that he/she/they executed the same as his/her/their free act and deed.

Notary, State of Louisiana

MICHELE F. WASKOM
NOTARY PUBLIC # 55787
NATCHITOCHES PARISH, LA
MY COMMISSION EXPIRES AT DEATH

# ATTACHMENT 1



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
Retired and Annuity Pay

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
**August 31, 2006**

LTC Burton P. Dupuy Jr., USAF (Retired)
**147 Von Orange Lane**
**Natchitoches, LA 71457-2613**

Dear Colonel Dupuy:

A Notice of Levy (IRS Form 668-W), copy enclosed, for your delinquent federal income taxes, was served on your retired pay. We are required under Section 6331 of the Internal Revenue Code, to collect delinquent taxes from retired/retainer pay. Payments in the amount of $506.33 will be sent to the Internal Revenue Service, PO BOX 219236, KANSAS CITY, MO 64121-9236 beginning with the check dated November 1, 2006 until the levy amount is satisfied or you are released from the levy by the IRS.

Please certify your filing status and number of personal exemptions by completing the enclosed Statement of Exemptions and Filing Status. Return the completed Exemption Statement to Defense Finance Accounting Service, U.S. Military Retirement Pay, London, KY 40742-7130, within 15 days from the date of this letter. If we do not receive the completed Exemption Statement by this date, then your exemption amount will be computed as if your filing status is Married Filing Separate, with one exemption. This filing status was used to compute the monthly amount stated above as the amount payable to the IRS.

If you are a Medal of Honor recipient, return the copy of the levy, the Exemption Statement and a copy of your award certificate.

You will receive a Retiree Account Statement (DFAS - CL 7220/148) showing the appropriate deduction in your pay, in the near future.

If you have any questions about this levy or the Statement of Exemption and Filing Status, you should contact the IRS district office by using the telephone number listed in the upper right hand corner of the levy. Our personnel cannot answer questions on your federal taxes.

Should you have any further questions, please contact us at Defense Finance and Accounting Service; U.S. Military Retired Pay; P.O. Box 7130; London, KY 40742-7130; or call toll free 1-800-321-1080, commercial (216) 522-5955 (M-F from 7:00 a.m. to 7:30 p.m. ET). You may also send us a fax to, toll free 1-800-469-6559.

Sincerely,

N. Williams
Military Pay Technician
Retired and Annuity Pay

07 1006

**FILED**

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

LKY6080202748

| Form 668-W(c)<br>(Rev. January 2001) | Department of the Treasury — Internal Revenue Service<br>**Notice of Levy on Wages, Salary, and Other Income** | |
|---|---|---|

DATE: 07/28/2006

IRS ADDRESS:

ACS SUPPORT - STOP 5050
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

TO:  P          13-0727612       DPC05

DEFENSE FINANCE AND ACCOUNTING SERV
CLEVELAND CENTER
1240 E 9TH ST STE 2985
CLEVELAND  OH  44199

001232

TELEPHONE NUMBER    SEQNUM 68464
OF IRS OFFICE:
TOLL FREE        1-800-829-7650
TOLL FREE        1-800-829-7650
WI

NAME AND ADDRESS OF TAXPAYER:

BURTON DUPUY
147 VON ORANGE LN
NATCHITOCHES LA 71457-2613473

IDENTIFYING NUMBER(S)
DUPU  W  00        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

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1999 | $  5,090.86 | $  525.03 | $  5,615.89 |
| 1040A | 12-31-2000 | $  4,914.81 | $  607.05 | $  5,521.86 |

Total Amount Due ▶        $    11,137.75

We figured the interest and late payment penalty to _____08-17-2006_____ .

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid yet, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy these monies to the extent they aren't exempt, as shown on the instructions.  Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please complete the back of part 3.  Attach part 3 as a cover to the rest of this form.  Return all of the parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

Signature of Service Representative                    Title  **Operations Manager, Collection**

Form 8519
(Rev. January 2001)                                      Department of the Treasury — Internal Revenue Service

**Taxpayer's Copy of Notice of Levy**

DATE:    04/11/2006

REPLY TO:
ACS SUPPORT
PO BOX 57
BENSALEM, PA 19020-8514

|  |  |
|---|---|
| TELEPHONE NUMBER OF IRS OFFICE: | SEQNUM    00579 |
| TOLL FREE | 1-800-829-3903 |
| SBY | |

TO:

P        72-6020667

LA CAPITOL FEDERAL CREDIT UNION
660 LAUREL ST
BATON ROUGE   LA        70802-5631600

YVONNE DUPUY
147 VON ORANGE LN
NATCHITOCHES LA 71457-2613473

IDENTIFYING NUMBER(S):        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

DUPU   0    02

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1998 | $    1,633.79 | $    151.34 | $    1,785.13 |
| 1040A | 12-31-1999 | $    1,662.31 | $    138.39 | $    1,800.70 |
| 1040A | 12-31-2000 | $    1,555.78 | $    138.03 | $    1,693.81 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ────────▶

| Total Amount Due ▶ | $    5,279.64 |
|---|---|

We figured the interest and late payment penalty to _____ 05-11-2006

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order ) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative    *Mary Hannah* | Title    **Operations Manager, Collection** |
|---|---|

FORM 8519 (Rev. 01-01)    63519R

Form 668-W(c)    Case 1:07-cv-01006-CKK    Document of the Treasury Filed 06/04/2007    Page 5 of 16
(Rev. January 2001)                        Notice of Levy on Wages, Salary, and Other Income

DATE: 11/04/2003

IRS ADDRESS:
PHILADELPHIA SERVICE CENTER
P.O. BOX 57
BENSALEM, PA 19020

| | |
|---|---|
| TELEPHONE NUMBER | SEQNUM 00012 |
| OF IRS OFFICE: | |
| TOLL FREE | 1-800-829-3903 |
| SBY | |

NAME AND ADDRESS OF TAXPAYER:

TO:  P          38-1659835          DPC06

JACKSON NATIONAL LIFE INS CO
5901 EXECUTIVE DR
LANSING MI                48911-5333010

BURTON P JR & YVONNE S DUPUY
147 VON ORANGE LN
NATCHITOCHES LA 71457-2613473

IDENTIFYING NUMBER(S):          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
DUPU  B    04

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1997 | $ 0.00 | $ 1,682.37 | $ 1,682.37 |
| | | | Total Amount Due ▶ | $ 1,682.37 |

We figured the interest and late payment penalty to _____    11-27-2003    .

Although we have told you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

This levy requires the person who received it to turn over to us: (1) your wages and salary that have been earned but not paid yet, as well as wages and salary you earn in the future until this levy is released, and (2) your other income that the person has now or is obligated to pay you. These are levied to the extent they are not exempt as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring a guaranteed payment (cash, cashier's check, certified check, or money order)** to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

**Please see the back of Part 5 for instructions.**

| | |
|---|---|
| Signature of Service Representative | Title **Operations Manager, Collection** |
| *Larry Reder* | |

Part 2 - FOR TAXPAYER                                      FORM 668-W(c) (Rev.1-01) 16748F

05/02/2007 14:13 FAX 318 352 1807     IMPRESSIONS BY DUNAGAN                    008

# Notice of Levy on Wages, Salary, and Other Income

DATE: 06/17/2003

IRS ADDRESS:
**PHILADELPHIA SERVICE CENTER**
**P.O. BOX 57**
**BENSALEM, PA 19020**

TELEPHONE NUMBER    SEQNUM 00080
OF IRS OFFICE:
TOLL FREE    1-800-829-3903
SBY

NAME AND ADDRESS OF TAXPAYER:

TO:   P            72-6001378        DPO05

**TEACHERS' RETIREMENT SYSTEM OF LA**
**8401 UNITED PLAZA BLVD**
**BATON ROUGE LA        70809-7017**

**BURTON P JR & YVONNE S DUPUY**
**147 VON ORANGE LN**
**NATCHITOCHES LA 71457-2613473**

IDENTIFYING NUMBER(S):   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
DUPU  B   84

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040A | 12-31-1997 | $     0.00 | $     2,007.20 | $     2,007.20 |
| | | | Total Amount Due ▶  $     2,007.20 | |

We figured the interest and late payment penalty to _____ 07-17-2003 _____.

Although we have told you to pay the amount you owe, it is still not paid.

This is your copy of a Notice of Levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

This levy requires the person who received it to turn over to us: (1) your wages and salary that have been earned but not paid yet, as well as wages and salary you earn in the future until this levy is released, and (2) your other income that the person has now or is obligated to pay you. These are levied to the extent they are not exempt as explained on the back of Part 5 of this form.

If you decide to pay the amount you owe now, please **bring a guaranteed payment (cash, cashier's check,** certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

**Please see the back of Part 5 for instructions.**

Signature of Service Representative                    Title **Operations Manager, Collection**

**Part 2 - FOR TAXPAYER**                              FORM 668-W(c)(Rev.1-01) 16748F

Form 8519
(Rev. January 2001)

Department of the Treasury—Internal Revenue Service
**Taxpayer's Copy of Notice of Levy**

DATE:    04/08/2003

| | | TELEPHONE NUMBER OF IRS OFFICE: | SEQNUM    00006 |
REPLY TO:
PHILADELPHIA SERVICE CENTER
P.O. BOX 57
BENSALEM, PA 19020

TELEPHONE NUMBER OF IRS OFFICE:
TOLL FREE    1-800-829-3903
SBY

SEQNUM    00006

P      72-6020667

TO:
BURTON P JR & YVONNE S DUPUY
147 VON ORANGE LN
NATCHITOCHES LA    71457-2613473

LA CAPITOL FEDERAL CREDIT UNION
PO BOX 3398
BATON ROUGE LA      70821-3398

IDENTIFYING NUMBER(S):    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
DUPU B 01

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12-31-1996 | $ 1,971.70 | $ 783.20 | $ 2,754.90 |
| 1040A | 12-31-1997 | $ 6,833.32 | $ 3,086.18 | $ 9,919.50 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.

Total Amount Due ▶    $ 12,674.40

We figured the interest and late payment penalty to     **05/08/2003**

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

| Signature of Service Representative | Title |
|---|---|
| *L. G. Dowel* | **Operations Manager, Collection** |

FORM 8519 (Rev. 01-01)    63518R

*FMS*

| Form 668-W(c) (DO) (Rev. August 1994) | Department of the Treasury — Internal Revenue Service **Notice of Levy on Wages, Salary, and Other Income** |
|---|---|

**DATE:** 10/13/98    **DISTRICT:** Gulf Coast

**TELEPHONE NUMBER OF IRS OFFICE:** (318)869-6346

**IRS ADDRESS:**

INTERNAL REVENUE SERVICE
KAYLA LETTOW
3007 KNIGHT ST
SUITE 100
SHREVEPORT, LA 71105

TO: DEFENSE FINANCE AND ACCOUNTING
     CLEVELAND CENTER
     1240 EAST NINTH STREET
     CLEVELAND, OH 44199

**NAME AND ADDRESS OF TAXPAYER:**

BURTON P JR & YVONNE W DUPUY
147 VON ORANGE LN
NATCHITOCHES, LA 71457

**IDENTIFYING NUMBER(S):**

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N

**THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CVPN | 12/31/95 | 500.00 | 123.61 | 623.61 |
| | | | **Total Amount Due** ▶ | 623.61 |

We figured the interest and late payment penalty to ———— 11-12-98 ————

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us: (1) this taxpayer's wages and salary that have been earned but not paid yet, as well as wages and salary earned in the future until this levy is released, and (2) this taxpayer's other income that you have now or for which you are obligated.

We levy these monies to the extent they aren't exempt, as shown on the instructions. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions.

If you don't owe money to this taxpayer, please complete the back of part 3. Attach part 3 as a cover to the rest of this form. Return all of the parts to IRS in the enclosed envelope.

If you do owe money to this taxpayer, please see the back of this page for instructions on how to act on this notice.

| Signature of Service Representative *Kayla Lettow* | Title REVENUE OFFICER |
|---|---|

JAN.27.2000 11:57AM NUTUEC CKMAILRD Document 1-2   Filed 06/04/2007   NO.201   P. 9 of 26

| Form 668-A(c) (DO)<br>(Rev. August 1994) | Department of the Treasury — Internal Revenue Service<br>**Notice of Levy** |
|---|---|

DATE: 12/29/97

DISTRICT: Gulf Coast

TELEPHONE NUMBER<br>OF IRS OFFICE: 318-869-6946

REPLY TO:<br>
INTERNAL REVENUE SERVICE<br>
KAYLA LETTON<br>
3007 KNIGHT ST<br>
SUITE 100<br>
SHREVEPORT, LA 71105

NAME AND ADDRESS OF TAXPAYER:<br>
BURTON P & YVONNE W DUPUY JR<br>
147 VON ORANGE LN<br>
NATCHITOCHES, LA 71457

TO: BARKSDALE FEDERAL CREDIT UNION<br>
PO BOX 9<br>
BARKSDALE AFB, LA 71110

IDENTIFYING NUMBER(S): 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N<br>
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

THIS ISN'T A BILL FOR TAXES YOU OWE. THIS IS A NOTICE OF LEVY WE ARE USING TO COLLECT MONEY OWED BY THE TAXPAYER NAMED ABOVE.

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CVPN | 12/31/94 | 500.00 | 25.00 | 525.00 |

*Been reduced $5 since there were sufficient funds to cover the levy.*

| THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. | Total Amount Due ▶ | 525.00 |
|---|---|---|

01-28-98

We figured the interest and late payment penalty to _____

The Internal Revenue Code provides that there is a lien for the amount that is owed. Although we have given the notice and demand required by the Code, the amount owed hasn't been paid. This levy requires you to turn over to us this person's property and rights to property (such as money, credits, and bank deposits) that you have or which you are already obligated to pay this person. However, don't send us more than the "Total Amount Due."

Money in banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code **must be held for 21 calendar days** from the day you receive this levy before you send us the money. Include any interest the person earns during the 21 days. Turn over any other money, property, credits, etc. that you have or are already obligated to pay the taxpayer, when you would have paid it if this person asked for payment.

Make a reasonable effort to identify all property and rights to property belonging to this person. At a minimum, search your records using the taxpayer's name, address, and identifying numbers(s) shown on this form. Don't offset money this person owes you without contacting us at the telephone number shown above for instructions. You may not subtract a processing fee from the amount you send us.

To respond to this levy:
1. Make your check or money order payable to Internal Revenue Service.
2. Write the taxpayer's name, identifying number(s), kind of tax and tax period shown on this form, and "LEVY PROCEEDS" on your check or money order (not on a detachable stub.).
3. Complete the back of Part 3 of this form and mail it to us with your payment in the enclosed envelope.
4. Keep Part 1 of this form for your records and give the taxpayer Part 2 within 2 days.

If you don't owe any money to the taxpayer, please complete the back of Part 3, and mail that part back to us in the enclosed envelope.

SIGNATURE OF SERVICE Representative _____

Title: REVENUE OFFICER

# ATTACHMENT 2

| Form 668 (Y)(c) | 1872 | Department of the Treasury - Internal Revenue Service |
| --- | --- | --- |
| (Rev. February 2004) | | **Notice of Federal Tax Lien** |

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #5 (800) 829-3903 | Serial Number 328907206 | For Optional Use by Recording Office |
| --- | --- | --- |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer    YVONNE DUPUY

Residence    147 VON ORANGE LN
NATCHITOCHES, LA 71457-2613

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
| --- | --- | --- | --- | --- | --- |
| 1040 | 12/31/1998 | 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 | 12/06/2004 | 01/05/2015 | 1633.79 |
| 1040 | 12/31/1999 | 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 | 02/07/2005 | 03/09/2015 | 1662.31 |
| 1040 | 12/31/2000 | 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 | 02/28/2005 | 03/30/2015 | 1555.78 |
| 1040 | 12/31/2002 | 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 | 11/15/2004 | 12/15/2014 | 253.89 |

| Place of Filing CLERK OF COURT - REAL PROPERTY ONLY NATCHITOCHES PARISH NATCHITOCHES, LA 71457 | Total | 5105.77 |
| --- | --- | --- |

This notice was prepared and signed at _____ DALLAS, TX _____, on this,

the 16th day of November, 2006.

Signature    R. A. Mitchell    for THERESA HARLEY

| Title ACS (800) 829-3903 |
| --- |

25-_____ MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

07 1006

**FILED**

JUN - / 2007

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien Rev. Rul. 71-466, 1971-2 C.B. 409)    CAT. NO 60025X

# ATTACHMENT 3



**IRS** Department of the Treasury
Internal Revenue Service
PHILADELPHIA, PA 19255-0030

Notice Number: CP 504
Notice Date: 05-09-2005

SSN/EIN: 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
Caller ID: 487021

7105 5678 7188 9615 0893

YVONNE DUPUY
147 VON ORANGE LN
NATCHITOCHES LA 71457-2613473



*436309939101*

027577

# Urgent !!
## We intend to levy on certain assets. Please respond NOW.
(To avoid additional penalty and interest, pay the amount you owe within ten days from the date of this notice.)

As a current or retired federal employee, you must pay your federal taxes as required by law.

Our records indicate that you haven't paid the amount you owe. The law requires that you pay your tax at the time you file your return. This is your notice, as required by Internal Revenue Code Section 6331(d), of our intent to levy (take) any state tax refunds that you may be entitled to if we don't receive your payment in full. In addition, we will begin to search for other assets we may levy. We can also file a Notice of Federal Tax Lien, if we haven't already done so. **To prevent collection action, please pay the current balance now.** If you've already paid, can't pay, or have arranged for an installment agreement, it is important that you **call us immediately** at the telephone number shown below. Current balance may include Civil Penalty, if assessed.

## Account Summary

| Form: 1040A | Tax Period: 12-31-1998 |
|---|---|

| | |
|---|---|
| Current Balance: | $1,670.39 |
| Includes: | |
| Penalty: | $0.00 |
| Interest: | $36.60 |
| Last Payment: | $0.00 |

For information on
your penalty & interest
computations, you may
call 1-800-829-8374

✂ Questions? Call us at 1-800-829-8374    See the enclosed Publication 594, *The IRS Collection Process*, and Notice
Please mail this part with your payment, payable to United States Treasury.   12198, *Notice of Potential Third Party Contact* for additional information.

Notice Number: CP 504
Notice Date: 05-09-2005

write on your check:

| 1040A | 12-31-1998 | 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 |
|---|---|---|

Find information about filing and paying taxes at: www.irs.gov
Enter Keyword: filing late (or) paying late

| Amount Due: |
|---|
| $1,670.39 |

Internal Revenue Service
PHILADELPHIA, PA 19255-0030

YVONNE DUPUY
147 VON ORANGE LN
NATCHITOCHES LA 71457-2613473

07 1006

IhuilIhuilhbluldduilhuuliIhnlidd

436309939 ZD DUPU 30 0 199812 670 00000167039

FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# ATTACHMENT 4

Department of the Treasury
Internal Revenue Service
P.O. BOX 57
BENSALEM, PA. 19020

Date:
FEB. 03, 2001

Taxpayer Identifying Number:
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     0 03

Contact Telephone Number:
METRO SAN JUAN:(787)759-6161
USVI & PR TOLL FREE:1(800)829-6008
USA & OVERSEAS:(787)759-6262
MON-FRI 7:30AM-7:3 PM ATLANTIC

BURTON P & YVONNE DUPUY
147 VON ORANGE LN
NATCHITOCHES  LA   71437-2613473

## Reminder Notice

We are required by law to remind you periodically in writing about your overdue tax. The amount you owe is shown on the back of this letter.

You do not need to contact us about this letter if you are working with us to resolve your account. However, please call the telephone number listed above if you:

- have unanswered questions about the overdue taxes.
- wrote or called us more than 30 days ago and have not received a reply.

If you have NOT been working with us to resolve your account, please read the rest of this letter carefully. Then, based upon your situation, take the action listed in either Step 1 or Step 2.

Step 1:
Send us the full payment if you agree with the amount you owe shown on the back of this letter and have no questions. Make your check or money order payable to United States Treasury. Write your social security number or employer identification number and the tax year on your payment. Send your payment in the enclosed envelope with a copy of this letter.

Step 2:
Call the telephone number listed above if you:

- believe the overdue tax is incorrect or have other questions.
- are unable to pay your overdue taxes in full. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

This office is authorized to take enforcement action to collect the amount you owe. This can include taking your property, or rights to property, such as wages, bank accounts, real estate or automobiles. We may also file a Notice of Federal Tax Lien without giving you advance notice. A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien. This can affect your ability to obtain credit. To avoid possible enforcement actions, we must hear from you within 10 days from the date of this notice.

Enclosures:
Copy of this letter
Envelope


*436309939103*

Gloria I. Galabert

Chief, Automated Collection Branch

07 1006

FILED

JUN - 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Letter 3228 (Rev. 08-1999)(LT-39)

Department of the Treasury
Internal Revenue Service
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

**Date:**
SEP. 23, 2006

**Taxpayer Identifying Number:**
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          W 00

**Caller ID:**                    778521

**Contact Telephone Number:**
TOLL FREE:  1-800-829-7650
BEST TIME TO CALL:
MON - FRI  8:00 AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-7650

BURTON DUPUY
147 VON ORANGE LN
NATCHITOCHES  LA  71457-2613473

000209

## Reminder Notice

We are required by law to remind you periodically in writing about your overdue tax. The amount you owe is shown on the back of this letter.

You do not need to contact us about this letter if you are working with us to resolve your account. However, please call the telephone number listed above if you:

- have unanswered questions about the overdue taxes.
- wrote or called us more than 30 days ago and have not received a reply.

If you have NOT been working with us to resolve your account, please read the rest of this letter carefully. Then, based upon your situation, take the action listed in either Step 1 or Step 2.

**Step 1:**
If you agree with the amount shown on the back of this letter and have no questions, send us full payment. Make your check or money order payable to United States Treasury. Write your tax identifying number and the tax period(s) on your payment. Use the envelope provided and include the enclosed return cover sheet when sending us your payment or correspondence. Keep this letter for your records.

**Step 2:**
Call the telephone number listed above if you:

- believe the overdue tax is incorrect or have other questions.
- are unable to pay your overdue taxes in full. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

This office is authorized to take enforcement action to collect the amount you owe. This can include taking your property, or rights to property, such as wages, bank accounts, real estate or automobiles. We may also file a Notice of Federal Tax Lien without giving you advance notice. A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien. This can affect your ability to obtain credit. To avoid possible enforcement actions, we must hear from you within 10 days from the date of this letter.

Enclosures: Return Cover Sheet, Envelope

*433167946103*

Operations Manager, Automated Collection System

Letter 3228 (Rev. 01-2004)(LT-39)

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Burton Dupuy
Yvonne Dupuy

## DEFENDANTS

United States Gvt.

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Burton Dupuy
Yvonne Dupuy
147 Von Orange Lane
Natchitoches, LA 71457
318-352-9370

Case: 1:07-cv-01006
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 6/4/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ⊙ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

26 USC 7433 Civil Damages for certain unauthorized collections actions

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** 6/01/2007   **SIGNATURE OF ATTORNEY OF RECORD** _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.